CHARLES MORRIS SMITH, JR., Trustee, *vs.* WILLIAM F. HALL *et al.*

PROVIDENCE—JUNE 30, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

W., by a codicil to his will, devised and bequeathed certain estate to a trustee for the use and benefit of his two daughters, in equal parts, during their natural lives, with discretionary power in said trustee to invest. and change the investment of, said estate ; and in further trust, upon the death of either daughter, to convey her half of the estate to her children or descendants, if any, and, if either of said daughters died without issue.or descendants, then such conveyance to be made to the heirs at law of said daughters, whereupon said trust was to cease as to the property so conveyed. The trustee died and a successor in the trust was appointed under the statute. One of the daughters also died leaving a child and grandchild.

*Held,* that upon the death of said daughter the trust terminated only as to the share to be conveyed to her child and grandchild :—

*Held,* further, that the surviving daughter was not entitled to a conveyance of the legal title of the half of the estate held in trust for her.

*Held*, further, that the direction to the trustee, on the death of the daughter, to convey to her children or descendants one-half the property, implied a division of the trust estate *in specie*.

*Held*, further, that in case an equal division could not be made the trustee had an implied power to sell enough of the trust property to equalize the division.

*Held*, further, that the trustee had power to sell any portion of the trust estate, in his discretion, for the purpose of changing the investment.

The term "owelty" is usually, if not universally, applied to the partition of lands.

The power to make necessary changes of investment implies the power to sell for that purpose.

The successor in a trust appointed under the statute has the same power to sell and convey, for a change of investment, possessed by the original trustee.

BILL IN EQUITY by a trustee for instructions construing the provisions of a will relating to the trust estate.

MATTESON, C. J.    This is a bill for instructions.    The complainant is the present trustee under the will of Matthew Watson, deceased, which will, with the codicil thereto, was admitted to probate October 27, 1857.    By the codicil the testator revoked the residuary clause of his will, in so far as it contained gifts of the one-third part of the residuary estate to each of his two daughters, Sarah M. Hall, wife of Peleg Hall, and Mary R. Allen, wife of Philip Allen, Jr.    He then gives, devises and bequeaths these shares of his estate to Francis E. Hoppin in trust—

"That the said Francis E. Hoppin shall receive the principal & estate named in the residuary clause of my said will, which is therein given and devised to my said daughters, & shall hold & manage the same for their sole use and benefit during their natural lives, using his discretion in the investment of said property & estate & all necessary changes thereof : And shall upon receipt of the rents, income, dividends & profits thereof, after paying therefrom the taxes upon & the expense of managing said property & a reasonable compensation for his own services, pay over to each of my said daughters, as they shall require the same, the annual amount of said rent, income, dividends & profits, taking the individual receipts of my said daughters in full discharge for such payments.

And upon further trust to transfer & convey said property

& estate, upon the death of either of my said daughters, to her children or their descendants (if any there be); but if either or both my said daughters shall die without leaving issue or their descendants, then to the heirs at law of my said daughters, their heirs and assigns forever; and the trusts herein declared shall thereupon cease and determine as to the property & estate so conveyed by my said trustee."

The residuary estate consists of personal property only.

Sarah M. Hall died April 5, 1897, leaving as her next of kin a child and a grandchild.

The trustee desires the instruction of the court as to :

(a)  Whether the trusts above recited terminated as to both *cestuis que trust* at the death of Sarah M. Hall, or only as to the share to be conveyed to her child and grandchild.

(b)  Whether Mary R. Allen is entitled to a conveyance of the legal title of the share held in trust for her.

(c)  Whether as trustee he has power, if the trust continues, to sell any of the residuary estate held in trust, for a change of investment.

(d)  Whether he has power, if the trust is terminated only as to one-half of the estate, to give owelty in partition of the estate on conveyance of one-half of it to the child and grandchild of Sarah M. Hall.

We think that it is sufficiently evident that the trust was terminated, by the death of Mrs. Hall, only as to the share to be conveyed to her child and grandchild.  The trustee, it will be observed, was to hold and manage the trust estate for the use and benefit of the daughters *during their natural lives*, and on the death of *either* to convey to her children or their descendants.  The gift to the daughters was of a life estate, with a remainder to their children or descendants. The trust is in express terms to continue during the natural lives of the daughters ; not during the lives of one of them. If the provision were to be construed as terminating on the death of the daughter who first died, the trustee would hold, not during the lives of the daughters, but only during the life of the one dying first.

It follows from what we have already said that Mary R.

Allen is not entitled to a conveyance of the legal title of the one-half held in trust for her. The language of the trust clearly implies that she is to take only a life estate. Rev. Stat. R. I. cap. 154, § 2, in force at the probate of the will, provided that a devise for life to any person and to the children or issue generally of the devisee, in fee simple, shall not vest a fee-tail estate in the first devisee, but an estate for life only, and the remainder shall on his decease vest in his children or issue generally, agreeably to the direction in such will, thereby destroying any implication which might perhaps arise otherwise from the use of the words "children" and "issue."

We think the trustee has power to sell any portion of the trust estate which the prudent management of the trust may dictate should be sold for the purpose of changing the investment. Authority was given to the original trustee to make all necessary changes in the investment of the property. Changes of investment were as likely to become necessary in the execution of the trust after the decease of the original trustee as before, and the power should therefore seem to be annexed to the trust rather than personal to the trustee. *Re Blakely, Pet'r,* 19 R. I. 324. The power to make necessary changes of investment implies the power to sell for that purpose. Moreover, Gen. Laws R. I. cap. 208, § 5, provides that every trustee appointed pursuant to the provisions of that chapter shall have the same powers, authorities and discretions, and may in all respects act as if he had been originally appointed a trustee by the instrument, if any, creating the trust; and § 8 of the same chapter further provides that the preceding seven sections shall apply to trusts heretofore as well as those hereafter created, and shall be considered in addition to the ordinary equity powers of a court of chancery. The complainant having been appointed a trustee under the provisions of cap. 208, has by virtue of the statute the same power to sell and convey, for a change of investment, possessed by the original trustee.

We think that the direction to the trustee, on the death of Mrs. Hall or Mrs. Allen, to transfer and convey to her chil-

dren or their descendants, if any there be, one-half of the trust property, implies a division of the trust estate *in specie.* The term "owelty" is usually, if not universally, applied to the partition of lands.    The will contains no provision for the payment of owelty in the division of the trust estate. We are of the opinion that the stocks and property constituting the trust estate should be divided *in specie*, so far as possible, and that the trustee, in case an equal division cannot be made, has an implied power to sell enough of the trust property to equalize the division.

*Joseph C. Ely and Herbert Almy*, for complainants.

*James M. Gilrain and Isaac H. Southwick, Jr.*, for respondents.